**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | | |
|---|---|---|
| Jeffrey Cook, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   2:26-cv-676 |
| | ) | |
| Bounce AI, Inc., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jeffrey Cook, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Jeffrey Cook ("Cook"), is citizen of the State of Wisconsin from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed to Oportun.

4.      Defendant, Bounce AI, Inc. ("Bounce"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

the U.S. Mail and/or credit reporting to collect, or attempt to collect, defaulted consumer debts that it did not originate. Bounce operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Wisconsin.

5. Defendant Bounce was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Bounce is authorized to conduct business in Wisconsin, and maintains a registered agent here, see, records from the Wisconsin Department of Financial Institutions, attached at Exhibit A. In fact, Defendant conducts extensive business in Wisconsin.

**FACTUAL ALLEGATIONS**

7. Due to financial difficulties, Mr. Cook was unable to pay his debts, including a delinquent consumer debt (incurred primarily for personal, family or household purposes) that he allegedly owed to Oportun. Sometime after this debt went into default, it was obtained by Defendant, which attempted to collect the debt by, among various means, negative credit reporting and by sending him a collection letter dated January 1, 2026, demanding payment of the debt. A copy of this collection letter is attached as Exhibit B.

8. Accordingly, on January 20, 2026, Mr. Cook's attorneys wrote to Defendant to inform it that he was represented by counsel and to note that he questioned the correctness of the debt that Defendant was trying to collect from him. Copies of this email letter and proof that it was received and reviewed by Bounce are attached as Exhibit C.

2

9.     On April 9, 2026, Mr. Cook obtained and reviewed a copy of his TransUnion credit report, which showed that Defendant had continued to report the Oportun debt, but had failed to note that the debt was disputed. The pertinent part of Mr. Cook's TransUnion credit report is attached as Exhibit D.

10.     As a result of the Defendant's continued collection actions, Mr. Cook had to take additional time and effort, as well as expense (about $270), to have another attorney write Defendant a letter to reassert his right to dispute the Oportun debt. A copy of this letter is attached as Exhibit E.

11.     Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed his credit reputation, impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that he did not actually have the right to dispute the debt.

12.     Furthermore, § 1692e(8) of the FDCPA's command that a debt collector must communicate that a disputed debt is disputed is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

13.     Defendant's collection actions alarmed, confused and emotionally distressed Mr. Cook damaged his credit and caused him to have to take his time and effort, as well as expense, to re-assert his dispute of the debt, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir. 2023); Walters v. Fast AC, LLC, 60

3

F.4th 642, 649 (11th Cir. 2023) and <u>Ebaugh v. Medicredit</u>, 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

**COUNT I**
**Violation Of § 1692e (8) Of the FDCPA –**
**Failing To Report That A Disputed Debt Is Disputed**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); <u>see</u> <u>also</u>, <u>Wood v. Security Credit Services</u>,  2025 U.S. App. LEXIS 1901 (7th Cir. Jan. 28, 2025); <u>Ewing v. Med-1 Solutions</u>, 24 F.4th 1146 (7th Cir. 2022); <u>Evans v. Portfolio Recovery Associates</u>, 889 F.3d 337, 346 (7th Cir. 2018); <u>Sayles v. Advanced Recovery Systems</u>, 865 F.3d 246, 249-250 (5th Cir. 2017); and <u>Brady v. Credit Recovery</u>, 160 F.3d 64, 65 (1st Cir. 1998).

16.     Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by the consumer, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

17.     Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

4

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. §1692f.

20.     Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jeffrey Cook, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jeffrey Cook, demands trial by jury.

5

Jeffrey Cook,

By: s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: April 17, 2026

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

6